UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL VALDEZ, S-264952,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR,<br><br>    Respondent. | Case No. 21-cv-02561-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 3) |

**I.**

Petitioner, a pretrial detainee at the Santa Cruz County Main Jail, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking correction/expungement of his California Department of Corrections and Rehabilitation (CDCR) file associated with his now expired July 24, 2002 conviction and seven-year sentence from Monterey County Superior Court. Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Based solely on petitioner's affidavit of poverty, his application for leave to proceed IFP (ECF No. 3) is GRANTED.

**II.**

Federal law opens two main avenues to relief on claims related to imprisonment: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a complaint for violation of federal civil rights under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation and internal quotation marks omitted). Where the prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983." Id. (citation and internal quotation marks omitted). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas

corpus.'" <u>Nettles v. Grounds</u>, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973)).

Here, petitioner seeks correction/expungement of his CDCR file associated with his now expired July 24, 2002 conviction and seven-year sentence from Monterey County Superior Court. But success on petitioner's challenge would not necessarily lead to his immediate or earlier release from confinement. <u>See</u> <u>Skinner</u>, 562 U.S. at 534. Petitioner's July 24, 2002 conviction and seven-year sentence from Monterey County Superior Court already expired and correction/expungement of petitioner's CDCR file associated with the 2002 conviction and sentence will not necessarily lead to his immediate or earlier release from detention on the myriad new charges he now is facing in Santa Cruz County Superior Court. <u>See id.</u> Put simply, petitioner's challenge to his CDCR file associated with his now expired 2002 state court conviction and sentence does not fall within the "core of habeas corpus" and consequently "must be brought, if at all, under § 1983." <u>Nettles</u>, 830 F.3d at 934 (citations and internal quotation marks omitted).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking correction/expungement of the CDCR file associated with petitioner's now expired July 24, 2002 conviction and seven-year sentence from Monterey County Superior Court is DISMISSED without prejudice to bringing a civil rights complaint under 42 U.S.C. § 1983.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (emphasis added).

The clerk is instructed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: April 15, 2021

_____
CHARLES R. BREYER
United States District Judge

2